NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3647-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CANDIDO MAYAS,

 Defendant-Appellant.
_____________________________

 Submitted September 26, 2017 - Decided October 24, 2017

 Before Judges Hoffman and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Indictment
 No. 07-02-0163.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven M. Gilson, Designated
 Counsel, on the brief).

 Jennifer Webb-McRae, Cumberland County
 Prosecutor, attorney for respondent (Danielle
 R. Pennino, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM
 Defendant Candido Mayas appeals from a February 19, 2016

order denying his petition for post-conviction relief (PCR)

without an evidentiary hearing. We affirm.

 A jury found defendant guilty of unlawful possession of a

handgun, N.J.S.A 2C:39-5b, and certain persons not to have weapons,

N.J.S.A 2C:39-7b. Defendant was subsequently sentenced to an

aggregate term of twenty years. Defendant appealed both the

conviction and sentence. We rejected defendant's contentions and

affirmed. See State v. Mayas, A-1710-11 (App. Div. Jan. 22, 2014).

The Supreme Court denied defendant's petition for certification.

See State v. Mayas, 218 N.J. 531 (2014).

 Defendant filed a PCR petition alleging conflicts of interest

that deprived him of his right to a fair trial. In addition,

defendant claimed his appellate counsel's failure to raise the

conflict of interest claim in defendant's direct appeal

constituted ineffective assistance of counsel.

 The PCR judge, who did not preside over defendant's criminal

trial, heard oral argument on the PCR application without

conducting an evidentiary hearing. The PCR judge denied

defendant's petition.

 We provide a brief background of events prior to defendant's

criminal trial to give context to defendant's conflict of interest

claims. Prior to trial, co-defendant Michael Perez accepted a

 2 A-3647-15T3
favorable plea deal in exchange for his testimony against

defendant. Perez was represented by Yaron Helmer, Esq. Helmer

had represented defendant eight years earlier in an unrelated

aggravated assault case. Defendant asked the trial court to find

that Helmer had a conflict of interest due to his prior

representation of defendant. The trial judge denied defendant's

conflict of interest motion.

 Defendant also asserted collusion between Helmer and the

assistant prosecutor, David Branco, who allegedly negotiated

Perez's plea deal, although another prosecutor, Jon Reilly,

handled Perez's plea hearing. Defendant contended that Branco and

Helmer made an agreement when negotiating Perez's plea. According

to defendant, Branco negotiated a favorable plea deal for Perez

in exchange for future employment with Helmer's law firm several

years later.

 In his comprehensive written decision on defendant's PCR

application, the PCR judge found that defendant had not presented

evidence of an impermissible or disqualifying conflict nor a prima

facie case of ineffective assistance of counsel. The PCR judge

concluded that because the conflict of interest claim between

defendant and Helmer was adjudicated by the trial judge, the claim

was precluded by Rule 3:22-5. The PCR judge also found defendant

failed to proffer any evidence of a conflict in Helmer's

 3 A-3647-15T3
representation of Perez based upon Helmer's representation of

defendant in an unrelated criminal matter eight years earlier.

Defendant failed to identify any information gleaned during

Helmer's representation of defendant eight years earlier that

could have impacted defendant's trial.

 The PCR judge also rejected defendant's claim of collusion

or improper conduct between Branco and Helmer as nothing more than

an unsubstantiated conspiracy theory. The judge noted that eight

months after defendant's conviction and three years after entry

of Perez's plea agreement, Branco left the prosecutor's office.

After leaving the prosecutor's office, Branco began working at

Helmer's law firm. Based upon the significant length of time

between Perez's plea negotiation and Branco's departure from the

prosecutor's office, the PCR judge found there was no possible

collusion between Helmer and Branco concerning future employment.

 The PCR judge also found that defendant failed to establish

a prima facie case of ineffective assistance of counsel in

accordance with Strickland v. Washington, 466 U.S. 668, 687, 104

S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), regarding

appellate counsel's alleged deficient performance in failing to

raise the conflict of interest claim on defendant's direct appeal.

 On appeal from the denial of his PCR petition, defendant

raises the following arguments:

 4 A-3647-15T3
 POINT ONE

 DEFENDANT'S CONVICTIONS MUST BE REVERSED
 BECAUSE APPELLATE COUNSEL FAILED TO PURSUE A
 CONFLICT OF INTEREST REGARDING CO-DEFENDANT'S
 ATTORNEY; IN THE ALTERNATIVE, THIS MATTER MUST
 BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE
 DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF
 APPELLATE COUNSEL'S INEFFECTIVENESS.

 POINT TWO

 THIS MATTER MUST BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CASE THAT THERE
 EXISTED A CONFLICT OF INTEREST BETWEEN THE
 ASSISTANT PROSECUTOR WHO NEGOTIATED CO-
 DEFENDANT'S PLEA AGREEMENT AND THE CO-
 DEFENDANT'S ATTORNEY.

 Having considered these points in light of the record and the

applicable law, we affirm denial of defendant's PCR petition

substantially for the reasons set forth in the PCR judge's twenty-

three page, well-reasoned, written decision.

 To establish a prima facie claim of ineffective assistance

of counsel, a convicted defendant must satisfy the two-part test

enunciated in Strickland by demonstrating that: (1) counsel's

performance was deficient, and (2) the deficient performance

actually prejudiced the accused's defense. Id. at 687, 104 S. Ct.

at 2064, 80 L. Ed. 2d at 693; see also State v. Fritz, 105 N.J.

42, 58 (1987) (adopting the Strickland test in New Jersey).

 5 A-3647-15T3
 In reviewing ineffective assistance claims, courts apply a

strong presumption that a defendant's trial counsel "rendered

adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." Strickland, supra,

466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

"[C]omplaints 'merely of matters of trial strategy' will not serve

to ground a constitutional claim of inadequacy[.]" Fritz, supra,

105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963),

cert. denied, 374 U.S. 855, 83 S. Ct. 1924, 10 L. Ed. 2d 1075

(1963), overruled on other grounds by State v. Czachor, 82 N.J.

392 (1980)). To establish a prima facie claim of ineffective

assistance of counsel, a defendant must demonstrate a reasonable

likelihood of succeeding under the Strickland/Fritz test. See

State v. Preciose, 129 N.J. 451, 463 (1992). To demonstrate the

likelihood of succeeding under the Strickland/Fritz test, a

defendant "must do more than make bald assertions[,] . . . [and]

must allege facts sufficient to demonstrate counsel's alleged

substandard performance." State v. Cummings, 321 N.J. Super. 154,

170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

 We agree with the PCR judge that defendant failed to establish

the elements for an ineffective assistance claim as to his

appellate counsel. Appellate counsel is not required to raise

every possible issue and need only raise issues that have a

 6 A-3647-15T3
reasonable possibility of success. State v. Gaither, 396 N.J.

Super. 508, 515-16 (App. Div. 2007), certif. denied, 194 N.J. 444

(2008). In this case, there was no evidence of collusion or a

conflict of interest between Helmer and Branco. There is nothing

in the record supporting defendant's theory that Branco planned

to join Helmer's law firm three years in advance and therefore

conspired to negotiate a favorable plea deal for Helmer's client

in 2008. We agree with the PCR judge that defendant's "bald

assertion . . . flies in the face of logic and common sense." We

further agree with the PCR judge that defendant's ineffective

assistance claim as to his appellate counsel is "a rabbit warren

of irrelevant information predicated upon speculation, conjecture,

and conspiracy paranoia of the first order. There [was] no

mystery. The prosecution simply gave up too much for codefendant's

testimony. It was a tactical error and in the end it benefitted

[defendant]."1 Appellate counsel cannot be ineffective for failing

to raise a meritless claim. Defendant failed to demonstrate that

appellate counsel's performance was deficient or prejudicial. As

defendant failed to present a prima facie showing of

1
 Because Perez's plea deal was so favorable, it compromised
Perez's credibility during defendant's trial and defendant was
acquitted of the most serious charges.

 7 A-3647-15T3
ineffectiveness, no evidentiary hearing was required. Preciose,

supra, 129 N.J. at 462-63.

 We find no merit in defendant's other contentions raising

issues that were either already decided on direct appeal or could

have been raised on direct appeal. See R. 3:22-4 and R. 3:22-5.

See also R. 2:11-3(e)(2).

 Affirmed.

 8 A-3647-15T3