**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4694-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAWN LOYAL, a/k/a
TASHAWN BENNET, TESHAWN
BENNET, TASHAWN BENNETT,
TAHIR HOSKING, OMAR
LAKEWOOLKE, ALEQUAN
LOYAL, ALQUIRE LOYAL,
ALQUVRE LOYAL, FAREEM
SMITH, JAMES SMITH,
TASHAWN R. SMITH, and
TASHAWN WALLACE,

     Defendant-Appellant.

_____

Submitted September 26, 2018 - Decided  October 12, 2018

Before Judges Fuentes and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-05-0493.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Izabella M. Wozniak, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shawn Loyal appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

A jury convicted defendant of second-degree eluding, N.J.S.A. 2C:29-2(b); two counts of second-degree aggravated assault causing bodily injury during the course of eluding, N.J.S.A. 2C:12-1(b)(6); second-degree aggravated assault causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1); fourth-degree assault by auto causing serious bodily injury, N.J.S.A. 2C:12-1(c)(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7; third-degree aggravated assault of a police officer, N.J.S.A. 2C:12-1(b)(5); fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(2); third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(4); and fourth-degree hindering apprehension, N.J.S.A. 2C:29-

3(b)(4). The judge granted the State's motion for a discretionary extended term pursuant to N.J.S.A. 2C:44-3(a) on one of the two counts of second-degree aggravated assault in the course of eluding and, following appropriate mergers, sentenced defendant to an aggregate term of twenty-eight years in State prison, twenty-five of which are subject to an eighty-five percent period of parole ineligibility, and three years of parole supervision. We affirmed defendant's conviction on direct appeal, State v. Loyal, No. A-1085-11 (App. Div. Oct. 30, 2014) (slip op. at 2). No petition for certification appears to have been filed.

Defendant's arrest and conviction arose out of a high speed chase in a stolen car. Id. at 3. He led police through Elizabeth at speeds of up to seventy miles an hour before running a red light and broadsiding a taxicab, injuring both the cabbie and his passenger. Ibid. The pursuing officers identified defendant as the driver and testified he was alone in the car. Id. at 3-4. As the police caught up to defendant after the crash, he was trying to get out the driver's side door. Id. at 3. The officers maneuvered their patrol car alongside the driver's door, pinning it shut. Id. at 3-4. The officers testified defendant climbed across the front seat, jumped out the passenger side door and ran until he was tackled and subdued by the officers. Id. at 4.

Defendant testified in his own defense. He claimed he was an unwitting passenger in the car, having accepted a ride from an old school acquaintance he had not seen in many years and whose last name he did not know. Id. at 4. Defendant claimed he tried to get the driver to pull over after he accelerated away from the police, and tried to remove the keys from the ignition without success. Ibid. He further insisted he was knocked unconscious in the crash and awoke to find the driver gone and the officers pulling him out of the car, punching him and claiming he was the driver. Ibid. Supporting the defense theory that defendant was only a passenger in the car, defendant's counsel pointed to evidence in the record that the passenger side air bag deployed in the crash. Id. at 5. But because defendant did not present an expert, "[t]he court ruled that defense counsel could question witnesses about the deployment of the passenger-side airbag and comment about it in argument to the jury but could not speculate as to the reason it had deployed." Ibid.

Defendant raised six issues on appeal, including the insufficiency of the identification testimony, the State's failure to investigate and apprehend the true culprit, the court's "suppress[ion] [of] evidence of and comment about the deployment of the front seat passenger air bag from which the jury could have logically inferred that he was the front seat passenger and not the driver," and

4

that cumulative error denied him a fair trial. Id. at 6-8. We rejected each of those arguments. Id. at 8.

In his amended PCR petition, defendant claimed his trial counsel was ineffective by failing to hire experts to testify about the car's air bag deployment system, fingerprint analysis of the steering wheel and DNA recovered from the passenger side air bag to prove he was not the driver. He further claimed appellate counsel was ineffective for failing to raise an excessive sentence claim.

After hearing argument by assigned counsel, Judge Mega, who also presided over defendant's trial and sentencing, issued a comprehensive written opinion denying the petition on the basis that defendant had failed to establish a prima facie claim for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992). First addressing defendant's claim regarding his counsel's failure to call experts, the judge noted defendant was convicted based on the testimony of the officers as to what they saw, not physical proof of defendant's identity. The officers testified they never lost sight of the car from the moment they attempted to pull it over until after the crash, and that defendant was the only person to ever get out.

The judge found that because defendant made no effort to assert the facts on which the experts he claims would have exonerated him would have based

A-4694-16T4

their opinions, his claims remained only bald assertions, insufficient to establish a prima facie case of ineffective assistance. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (noting a petitioner claiming his attorney inadequately investigated facts necessary to support his defense, "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification").

Judge Mega also rejected defendant's claim that his appellate counsel was ineffective for failing to assert an excessive sentence argument, observing defendant's failure to explain how that argument would have been successful on appeal. The judge noted defendant's acknowledgment that he was sentenced within the range permitted by law and his failure to establish either that the aggravating factors lacked competent, credible evidence in the record or that notwithstanding proper application of the sentencing guidelines, the sentence shocks the judicial conscience. See State v. Roth, 95 N.J. 334, 364-65 (1984).

On this appeal defendant raises the following arguments:

> POINT I
>
> AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HE WAS ENTITLED TO POST-CONVICTION RELIEF.

A-4694-16T4

POINT II

APPELLATE COUNSEL FAILED TO RAISE THE ISSUE WHETHER DEFENDANT'S SENTENCE WAS EXCESSIVE.

POINT III

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

POINT IV

PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT TRIAL COUNSEL NEGLECTED TO INVESTIGATE DEFENDANT'S ALIBI WITNESS (NOT RAISED BELOW).

To succeed on a claim of ineffective assistance, defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A defendant must do more than demonstrate that an alleged error might have "had some conceivable effect on the outcome of the trial," State v. Sheika, 337 N.J. Super. 228, 242 (App. Div. 2001), instead, he must prove the error is so serious as to undermine the court's confidence that the "defendant's trial was fair, and that the jury properly convicted him." State v. Pierre, 223 N.J. 560, 588 (2015).

7

Measured by that standard, defendant has not established that he received ineffective assistance of counsel on this record.

We agree with Judge Mega that defendant's claims of ineffectiveness of his trial counsel fail because he presented absolutely no evidence as to what an engineering, DNA or fingerprint expert could or would have opined and on the basis of what facts. Defendant's assertions as to what such experts might have testified to at trial are thus only speculation and insufficient to prove that counsel's failure to call experts materially contributed to his conviction. See State v. Jones, 219 N.J. 298, 311 (2014).

As to appellate counsel's failure to have raised an excessive sentence argument, it is well established that appellate counsel need not advance every argument a defendant urges, even if non-frivolous. Jones v. Barnes, 463 U.S. 745, 750-54 (1983). Moreover, having reviewed the sentencing transcript, we are convinced any such argument would have been unavailing. Defendant was twenty-five years old and a fugitive from the Intensive Supervision Program when he committed the crimes for which he was sentenced. As Judge Mega explained in meticulous detail at the time of sentencing, defendant had an extensive juvenile record and at least six prior convictions for indictable offenses as an adult, including convictions for narcotics distribution, unlawful

possession of a weapon, theft offenses and aggravated assault of a police officer. He had already been sentenced to six prior State prison terms, and had two ISP or parole violations, two probation terms and two violations of probation on his record. Judge Mega carefully explained his reasons for imposing a discretionary extended term, discussing each factor at length, as well as why consecutive sentences were warranted under State v. Yarbough, 100 N.J. 627, 643-44 (1985). As Judge Mega's careful findings and balancing of the aggravating and mitigating factors were supported by adequate evidence in the record, and the sentence he imposed was neither inconsistent with sentencing provisions of the Code of Criminal Justice nor shocking to the judicial conscience, see State v. Fuentes, 217 N.J. 57, 70 (2014), appellate counsel's failure to argue an excessive sentence claim could not be deemed to constitute ineffective assistance. See State v. Gaither, 396 N.J. Super. 508, 514 (App. Div. 2007).

Finally, we reject defendant's argument that his PCR counsel was ineffective by failing to argue trial counsel's ineffectiveness for failing to locate the old school acquaintance defendant claimed drove the car that broadsided the taxicab. Defendant has failed to present any competent evidence that the acquaintance, whom defendant claimed he had not seen since he was nine years old and whose last name he did not know, even existed, much less could be

found and would admit that he and not defendant was the driver. Thus, defendant cannot show that PCR counsel's performance was deficient or that there is a reasonable probability that but for counsel's errors, the result of the PCR proceeding would have been different. See Strickland, 466 U.S. at 687-88, 694.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4694-16T4