275 N.J. Super. 13 (1994)
645 A.2d 150
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DERRICK CALLOWAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 31, 1994.
Decided June 29, 1994.
*14 Before Judges PETRELLA, BAIME and CONLEY.
Susan L. Reisner, Acting Public Defender, attorney for appellant (Matthew Astore, Deputy Public Defender II, of counsel and on the letter-brief).
Clifford J. Minor, Essex County Prosecutor, attorney for respondent (Hilary L. Brunell, Legal Assistant, on the brief).
PER CURIAM.
Following a jury trial, defendant was found guilty of felony murder (N.J.S.A. 2C:11-3a(3)), first degree armed robbery (N.J.S.A. 2C:15-1), possession of a handgun without the requisite permit (N.J.S.A. 2C:39-5b) and possession of a firearm for an unlawful purpose (N.J.S.A. 2C:39-4a). After merging the convictions, the trial court sentenced defendant to a term of 40 years with a parole disqualifier of 30 years on the felony murder count and to a concurrent term of five years on the possession of a handgun without a permit count. In his direct appeal, defendant asserted that the trial court abused its discretion by denying his motion for a severance and by admitting various autopsy photographs. We affirmed defendant's convictions in an unreported opinion and the Supreme Court denied certification. Defendant *15 then filed a petition for post-conviction relief in which he contended that his appellate attorney was ineffective because he failed to raise several viable issues. The Law Division summarily denied defendant's petition on the ground that only the Appellate Division had the authority to determine the quality of an attorney's performance in representing a convicted person on appeal. Defendant appeals. The prosecutor candidly confesses error. We reverse and remand for further proceedings.
Our Rules of Practice do not authorize the Appellate Division to hear in the first instance post-conviction claims arising from ineffective appellate performance. No rule of law forbids the Law Division to entertain proceedings that call into question the adequacy of counsel's performance on appeal. The Law Division should resolve petitions for post-conviction relief raising such claims. While not binding upon us, district courts routinely examine the quality of defense counsel's performance on appeal in collateral proceedings in the federal system. See Page v. United States, 884 F.2d 300, 301-02 (7th Cir.1989); United States v. DeFalco, 644 F.2d 132, 137 (3d Cir.1979).
Of course, the defendant is obliged to provide the Law Division with the tools to enable it to fairly resolve the issues he has raised. This might include the trial transcripts and appellate briefs generated by prior proceedings. It is also possible that an evidentiary hearing will be required. State v. Preciose, 129 N.J. 451, 462, 609 A.2d 1280 (1992). However, it is the responsibility of the Law Division to decide claims of appellate counsel's ineffectiveness.
Accordingly, the order denying defendant's petition is reversed and the matter is remanded to the Law Division.