935 A.2d 782 (2007)
396 N.J. Super. 508
STATE of New Jersey, Plaintiff-Respondent,
v.
Gary GAITHER, a/k/a Gary W. Gaither, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 17, 2007.
Decided November 16, 2007.
Yvonne Smith Segars, Public Defender, for appellant (Jean M. Hartmann, Designated Counsel, on the brief).
Theodore J. Romankow, Union County Prosecutor, for respondent (Steven J. Kaflowitz, Assistant Prosecutor, of counsel and on the brief).
Before Judges PARKER, R.B. COLEMAN and LYONS.
*783 The opinion of the court was delivered by
LYONS, J.A.D.
Defendant Gary Gaither appeals an order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of appellate counsel. The following factual and procedural history is relevant to our consideration of the issues advanced on appeal.
On July 31, 1998, defendant went to the Plainfield police department to complain about his vehicle being towed. He was directed to the Traffic Violations Bureau where he got into an argument with the desk officer. Lt. Mark Edwards (Edwards), the shift commander on duty that day, heard "some sort of a verbal disturbance going on out at the front desk" and went to investigate. Edwards encountered defendant, who was upset and angry. Defendant argued with Edwards until defendant was told to leave the building.
Edwards had a previous encounter with defendant in January 1998, during which Edwards learned that defendant's New Jersey driving privileges had been suspended. In July, when Edwards saw defendant leave the police station, get into a vehicle, and drive off, Edwards broadcast on the police radio a description of the vehicle, the direction in which he was headed, and his belief that the driver was driving with a suspended license. Edwards directed Detective Jorge Jimenez, who was in an unmarked police car equipped with lights and siren, to stop defendant. Meanwhile, Officer Israel Valentin was in a marked police car and joined in pursuit of defendant. Lights and sirens were activated in both the marked and unmarked police vehicles. Nevertheless, defendant failed to stop and continued in a thirty-to-forty-mile-per-hour chase through a residential area, ignoring stop signs, and traveling in the opposing lane of traffic. Defendant was ultimately stopped in front of his home, arrested, and charged with eluding and resisting arrest.
On October 29, 1998, defendant was indicted and charged with second-degree attempted eluding under N.J.S.A. 2C:29-2 and fourth-degree resisting arrest under N.J.S.A. 2C:29-2. Prior to the commencement of trial, the resisting arrest charge was reduced to a disorderly persons offense. Defendant's first trial ended in a mistrial. His second trial was held on August 29 and 30, 2000. At trial, defendant attempted to cross-examine Edwards on the incident that occurred in January 1998, when Edwards had dealings with defendant regarding his license. The trial judge did not permit that, ruling that it was not relevant evidence. Defense counsel argued that the testimony would demonstrate animosity between Edwards and defendant and that Edwards had a "motive for lying." The trial judge ruled that Edwards was not a witness to the eluding and, therefore, the testimony was not relevant.
The jury convicted defendant of the lesser-included offense of third-degree eluding. On January 5, 2001, defendant was sentenced to one year of probation with sixty days on the Sheriff's Labor Assistance Program, along with various fines and penalties.
Defendant appealed his conviction. On appeal, defendant's appellate counsel raised two points. The first was that the trial court violated defendant's constitutional rights to due process and to present a defense when it prohibited him from cross-examining Edwards about their prior encounter. The second point raised was that defendant's sentence was manifestly excessive. On June 19, 2002, our court, in a written decision, denied defendant's appeal. The Supreme Court denied *784 certification on July 21, 2003. State v. Gaither, 177 N.J. 496, 828 A.2d 923 (2003).
Sometime before April 25, 2003, defendant visited his appellate counsel to inquire about the status of his appeal. Defendant's appellate counsel then learned that his earlier attempts to contact defendant had been unsuccessful because his office had used the wrong address, despite the correct address being handwritten on the pre-sentence report in the file. On April 25, 2003, appellate counsel wrote a letter to the trial judge documenting appellate counsel's error and acknowledging "that I was careless in not noticing the corrected address and thereby caused [defendant] not to have contact with his appellate attorney." On September 16, 2003, defendant filed his petition for PCR. The trial judge conducted a hearing on December 20, 2005. At the hearing, defendant's sole basis for relief was ineffective assistance of appellate counsel.
The trial court applied the "Strickland-Preciose"[1] standards. The court found that even if appellate counsel's failure to communicate fell below the objective standards of reasonableness, defendant did not demonstrate a reasonable probability that but for counsel's unprofessional errors, the results of the appeal would have been different. The trial judge declined to extend the holding in State v. Rue, 175 N.J. 1, 811 A.2d 425 (2002), to appellate counsel. In Rue, the Supreme Court held that an attorney representing a defendant in a PCR petition is required to communicate with his client and investigate the client's claims. Id. at 18, 811 A.2d 425. This appeal ensued.
On appeal, defendant presents the following argument for our consideration:
POINT I
DEFENDANT'S RIGHTS TO A DIRECT APPEAL, DUE PROCESS, FUNDAMENTAL FAIRNESS, EQUAL PROTECTION, APPELLATE COUNSEL AND EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WERE DENIED BY HIS LACK OF OPPORTUNITY TO CONSULT WITH COUNSEL AND CONTRIBUTE TO OR PARTICIPATE IN HIS APPEAL.
Defendant argues that his appellate counsel's failure to communicate with his client violates the "Strickland-Preciose" ineffective assistance of counsel standards and the holding in Rue regarding an attorney's duty to communicate with his client. We will address the "Strickland-Preciose" argument first and then the applicability of Rue.
Preliminarily, we note that we have previously held that the Law Division should, in the first instance, hear PCR petitions raising claims of ineffective appellate counsel. State v. Calloway, 275 N.J.Super. 13, 15, 645 A.2d 150 (App.Div.1994).
In State v. Morrison, 215 N.J.Super. 540, 546, 522 A.2d 473 (App.Div.1987), we applied to claims of ineffective assistance of appellate counsel the standard for assessing ineffective assistance of trial counsel claims established in Strickland and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 519 A.2d 336 (1987). In Morrison, we found that "in applying the Strickland standard to assess a claim of ineffective assistance of appellate counsel, defendant must show not only that his attorney's representation fell below an objective standard, but also that he was prejudiced, i.e., but for counsel's unprofessional errors, the result *785 would have been different." Morrison, supra, 215 N.J.Super. at 546, 522 A.2d 473.
Defendant argues that his appellate counsel's failure to communicate with him regarding defendant's appeal should be viewed as per se ineffective assistance of counsel, meriting a new appeal for defendant. We disagree.
The two-pronged Strickland standard, adopted in Morrison, first requires defendant to demonstrate that counsel's performance fell below an objective standard of reasonableness and, if that is the case, the defense was prejudiced by counsel's action or inaction. Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697. The second prong requires a finding that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.
We certainly find that counsel's failure to communicate with his client falls below objective standards of reasonableness and that the first prong of the Strickland test was met. The second prong, however, is more problematic. Defendant does not specifically outline what was deficient with respect to the argument appellate counsel made on his behalf in his direct appeal. We recognize his claim that he "would have participated in his appeal" but the substance of that participation and any omission or change in the appeal is not specifically set forth. At oral argument on the PCR application, counsel argued that defendant
wasn't able to communicate, for instance, to his attorney that the issue wasn't so much as it seems to be reflected in the record, that Lt. Edwards of the Plainfield Police Department was somebody who harbored a grudge against [defendant] but that in fact his prior involvement with Lt. Edwards in the Plainfield Police Department he believed colored how all of the individuals, including the individual who pursued him, responded to the situation and that that wasn't really made clear because he didn't have the opportunity to communicate with his appellant counsel. . . .
This argument by defense counsel is without any factual foundation. There is no affidavit or certification outlining whether any of the police officers involved in the pursuit and arrest of defendant had any knowledge of any animosity between defendant and Edwards in the first instance. There is nothing in the record that indicates that defense counsel, at trial, attempted to develop any bias that the pursuing officers may have had against defendant. That type of showing is necessary to advance defendant's PCR claim. See State v. Cummings, 321 N.J.Super. 154, 170, 728 A.2d 307 (App.Div.), certif. denied, 162 N.J. 199, 743 A.2d 852 (1999).
Moreover, the point being advanced by counsel, i.e., trial counsel should have explored any bias or animosity among defendant and the arresting officers, would go to the ineffective assistance of trial counsel, not appellate counsel. If trial counsel did not investigate, develop, and question the arresting officers on the issue of animus among defendant and the officers, that issue would not be appropriate on direct appeal in any event. See Preciose, supra, 129 N.J. at 460, 609 A.2d 1280.
We, therefore, agree with the analysis of the PCR court that the second prong of the Strickland test was not met, and we reject the argument that the failure to communicate by appellate counsel with his client is a per se violation of the guarantee of effective assistance of counsel which merits a new appeal without the need to make the required showings under Strickland.
*786 In Rue, the New Jersey Supreme Court held that an attorney who is representing a defendant in a PCR matter is responsible to communicate with his client and investigate claims. Rue, supra, 175 N.J. at 18, 811 A.2d 425. Further, such an attorney must also advance any claim insisted upon by a defendant, regardless of whether the attorney deems them without merit. Id. at 17, 811 A.2d 425. See R. 3:22-6(d).
Both counsel and the court, during the hearing on the PCR petition, discussed whether the principles of Rue should be applied to appellate counsel in this case. Rue held that in a PCR setting, an attorney is responsible to communicate with his client and investigate claims. Rue, supra, 175 N.J. at 18, 811 A.2d 425. See R. 3:22-6. Rue also holds that counsel must advance any claims the client desires to forward in a petition. Rue, supra, 175 N.J. at 19, 811 A.2d 425; R. 3:22-6(d).
We note that the underpinning of Rue is the Court's interpretation of R. 3:22-6(d), which requires PCR "counsel [to] advance any grounds insisted upon by defendant notwithstanding that counsel deems them without merit." R. 3:22-6(d). That mandate does not apply to appellate counsel. Jones v. Barnes, 463 U.S. 745, 753-54, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987, 996 (1983).
The United States Supreme Court has held that a defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue that defendant requests on appeal. Ibid. Counsel for defendant acknowledges that applying Rue to appellate counsel does not mean that appellate counsel would be required to advance every claim insisted upon by a client on appeal. In her brief, defense counsel "acknowledge[s] that would be contrary to the ethics rules and guidelines requiring an attorney not to raise frivolous claims (i.e., R.P.C. 3.1) and a denial of the discretion afforded appellate counsel so that he/she can construct the most effective argument(s) in favor of the ends desired."
Consequently, the only question is whether the principles of Rue requiring an attorney to communicate with his or her client and to investigate claims in connection with a PCR petition should apply to appellate counsel. We are satisfied that the requirement for appellate counsel to communicate and consult with his or her client is already embodied in the Rules of Professional Conduct, particularly R.P.C. 1.2 and 1.4.
Therefore, after reviewing the arguments in this matter, we agree with the trial judge's finding that while counsel was deficient in not communicating with his client, defendant failed to demonstrate the second prong of Strickland. We decline to deviate from the two-prong Strickland test to hold that it is a per se violation of the guarantee of effective assistance of counsel where appellate counsel fails to communicate with the client, automatically meriting a new appeal. We also see no need to apply Rue to communication between appellate counsel and defendant because the Rules of Professional Conduct adequately address the point.
With respect to the other arguments defendant raised in his brief, but not set forth in specific points, we find that they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).
Affirmed.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Preciose, 129 N.J. 451, 609 A.2d 1280 (1992).