# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5195-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD JONES,

     Defendant-Appellant.

_____

Submitted October 22, 2019 – Decided October 29, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-05-0887.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Richard Jones appeals from an order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

We incorporate by reference the facts and procedural history set forth in our prior unpublished opinion, affirming defendant's conviction and sentence. State v. Jones, No. A-6223-11 (App. Div. Sept. 12, 2014) (slip op. at 1-6), certif. denied, 221 N.J. 219 (2015). In short, after moving in with his girlfriend, Jennifer,[1] and her fourteen-year-old son, David, defendant's relationship with the teenager quickly devolved. During the two-day trial, "David and Jennifer testified to numerous instances of defendant's abuse against David, including strangulation, violent shaking, and threats of physical abuse." Jones, slip op. at 2-3.

Defendant did not testify or present any witnesses at trial. Neither defense counsel nor the trial judge questioned defendant on the record about his election not to testify. Defendant was convicted of second-degree endangering the welfare of a child and third-degree terroristic threats. He was sentenced, as a discretionary persistent offender, to an aggregate fifteen-year prison term with a seven-and-one-half-year period of parole ineligibility.

---

[1] We use pseudonyms to protect the privacy of the victim and his mother.

A-5195-17T3

After the Supreme Court denied certification, defendant filed a PCR petition, claiming his trial counsel was ineffective by refusing defendant's request to testify in his own behalf. The State conceded defendant established counsel's deficiency and he was entitled to an evidentiary hearing as to whether the outcome of the trial would have been different had counsel not erred. Defendant was the sole witness to testify at the hearing. The PCR judge, who had not presided over defendant's trial, issued a cogent oral opinion denying defendant's petition.

Defendant now appeals, raising the following points for our consideration:

> POINT I
>
> THE [PCR] COURT ERRED IN FINDING DEFENDANT FAILED TO SHOW THERE [WA]S A REASONABLE PROBABILITY THAT IF HE HAD TESTIFIED THE RESULT OF THE TRIAL WOULD HAVE BEEN DIFFERENT.
>
> POINT II
>
> DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM APPELLATE COUNSEL FOR FAILURE TO RAISE THE MERITORIOUS ISSUES OF [TRIAL] COUNSEL'S REFUSAL TO ALLOW [DEFENDANT] TO TESTIFY AND THE [TRIAL] COURT'S FAILURE TO ASK WHETHER [DEFENDANT] WAIVED THAT RIGHT.
> (Not raised below)

3

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (citation omitted). We review any legal conclusions of the court de novo. Nash, 212 N.J. at 540-41.

In seeking post-conviction relief, a defendant must prove counsel was ineffective by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Initially, a defendant must prove counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Secondly, and pertinent to this appeal, a defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but

A-5195-17T3

for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, a defendant must establish that counsel's performance was deficient and the defendant suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

The PCR judge soundly determined defendant's testimony failed to satisfy the second Strickland prong. The judge was unpersuaded by defendant's account of the incidents in light of his demeanor on the witness stand. According to the judge, "[t]he substance of defendant's testimony did little to convince the [c]ourt that the jury's verdict of guilty on both counts would have been any different had defendant testified at the trial." In particular, "[m]uch of defendant's testimony at the PCR hearing dealt with his attempt to give context to the relationship between [David] and . . . defendant rather than to refute the allegations of abuses as testified to by [David] and his mother." The judge recounted examples of that testimony and how it differed from defendant's, concluding "[d]efendant's spin on the event simply did not ring true, especially where[,] as here, the victim and the victim's mother provided corroborating testimony as to the instances of physical and verbal abuse presented to the jury."

The judge elaborated:

If the substance of defendant's testimony did little to convince the [c]ourt that the outcome of the trial would have been different, the manner of defendant's testimony was even less convincing. Defendant's intense dislike of the victim was palpable. At times, when speaking about [David], . . . defendant appeared to almost bite off his words and spit them into the record. Everything about defendant's testimony, his affect, his tendency to speak very loudly into the microphone on the witness stand when speaking of [David], his voiceable anger when recounting [David]'s comments to defendant that he stinks, his heightened anger when recalling that when [David] wanted something he would ask his mother to ask defendant to give it to him, all these instances made credible the testimony of both [David] and defendant [sic] that defendant was both verbally and physically abusive to [David]. And although this court did not have occasion to observe [David] testify, it is noted from the transcript of the trial that both the trial court and the [a]ssistant [p]rosecutor, at least initially, had to instruct [David] to keep his voice up during his testimony. No such instruction was necessary for the defendant during his testimony before the [PCR c]ourt.

Having reviewed the record, in view of the parties' arguments and our standard of review, we are satisfied defendant's testimony at trial would not have affected the jury's verdict. Because the PCR judge's findings are fully supported by the record, we accept his determination that defendant failed to prove his counsel was ineffective under the second prong of the Strickland standard. We therefore see no reason to disturb his findings, which are entitled to our deference. State v. Robinson, 200 N.J. 1, 15 (2009).

6

Little needs to be said about defendant's newly-minted argument that appellate counsel was ineffective. Defendant limits his argument to one contention: appellate counsel failed to argue the trial judge erred by not "sua sponte" questioning defendant about his right to testify. We decline to address this contention because it was not raised by defendant or addressed by the PCR judge. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). And, we have determined PCR petitions raising claims of ineffective assistance of appellate counsel should be addressed in the first instance by the Law Division. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2008). In any event, as noted, following an evidentiary hearing, the PCR judge found defendant failed to establish the result would have been any different had he testified at trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5195-17T3