**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2793-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL A. MALTESE,

    Defendant-Appellant.

_____

> Submitted September 29, 2020 – Decided October 13, 2020
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 09-02-0184 and 10-01-0097.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Two grand juries indicted and charged defendant with committing numerous crimes.[1] After a jury found him guilty as charged, we upheld the convictions.[2] The Supreme Court affirmed but remanded for a new trial on two of the convictions.[3] Defendant then filed a petition for post-conviction relief (PCR), primarily contending that his trial and appellate counsel rendered

---

[1] In the first indictment, defendant was charged with two counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (counts one and two); third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1) (count three); two counts of third-degree theft by unlawful taking, N.J.S.A. 2C:20-3 (counts five and seven); two counts third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h) (counts six and eight); third-degree attempted theft, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-3 (count nine); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1) (count ten); fourth-degree false swearing, N.J.S.A. 2C:28-2(a) (count eleven); and third-degree hindering investigation, N.J.S.A. 2C:29-3(b)(4) (count twelve). In the second indictment, defendant was charged with second-degree unlawfully disturbing, moving, or concealing human remains, N.J.S.A. 2C:22-1(a)(1), and third-degree failing to dispose of human remains in a manner prescribed by law, N.J.S.A. 2C:22-1(b).

[2] State v. Maltese, No. A-5323-10 (App. Div. Nov. 8, 2013).

[3] State v. Maltese, 222 N.J. 525, 553 (2015) (remanding on counts one and two—first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2)). The United States Supreme Court denied certiorari. New Jersey v. Maltese, ___ U.S. ___, 136 S. Ct. 1187 (2016).

ineffective assistance.[4]  Meanwhile, a second jury found him guilty at the re-trial, but we reversed those convictions and remanded for a third trial.[5]

Following the completion of the re-trial and sentencing, defendant refiled his PCR petition.  Defendant now appeals from a December 14, 2018 order denying that petition without an evidentiary hearing.  The order under review primarily deals with purported ineffectiveness of counsel associated with convictions that the Supreme Court partially upheld after the first trial.  Judge Alberto Rivas thoroughly considered defendant's PCR contentions and rendered a comprehensive oral decision, with which we substantially agree.  We therefore affirm.

On appeal, defendant argues:

POINT I

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE [PCR JUDGE] ERRED IN CONCLUDING OTHERWISE.

---

[4]  Defendant's initial PCR petition was denied, without prejudice, on December 21, 2016, pending the re-trial due to the similarity of the issues raised in the PCR petition and the issues to be re-litigated at trial.

[5]  State v. Maltese, No. A-0795-18 (App. Div. ____) (reversing and remanding convictions, entered on remand, for two counts of second-degree passion/provocation manslaughter, N.J.S.A. 2C:11-4(b)(1), (2)).

A-2793-18T3

A. The prevailing legal principles regarding claims of ineffective assistance of counsel, evidentiary hearings and petitions for [PCR].

B. Trial counsel was ineffective for failing to file a motion [in the first trial] to suppress evidence of a statement made to police by . . . co[]defendant and any evidence derived from that statement.

C. But for trial counsel's unprofessional error in not moving to exclude co[]defendant's statement to police [in the first trial], defendant's convictions for desecrating human remains would have been reversed by the New Jersey Supreme Court.

POINT II

THE ADMISSIBILITY OF CO[]DEFENDANT'S STATEMENT AND DERIVATIVE TESTIMONY WAS NOT CHALLENGED AT THE SECOND TRIAL AND THEREFORE DEFENDANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE DURING THE FIRST TRIAL FOR FAILING TO MOVE TO SUPPRESS EVIDENCE OF CO[]DEFENDANT'S STATEMENT TO POLICE REMAINED VITAL TO THE DETERMINATION OF DEFENDANT'S [PCR] PETITION.

POINT III

THE ADMISSION OF [CODEFENDANT'S] TESTIMONY AT [THE FIRST TRIAL] WAS PREJUDICIAL NOTWITHSTANDING THE ADMISSIBILITY OF EVIDENCE CONCERNING THE LOCATION AND REMAINS OF THE

4

VICTIMS' BODIES UNDER THE INEVITABLE DISCOVERY RULE.

POINT IV

[DEFENDANT'S] CONVICTIONS [IN THE FIRST TRIAL] MUST BE VACATED ON DOUBLE JEOPARDY GROUNDS AND DUE PROCESS GROUNDS.

A. The charges against defendant for theft and fraudulent use of a credit card constitute double jeopardy and denied defendant due process under the law.

B. The charges against defendant for hindering prosecution, tampering with evidence and desecrating/disturbing human remains constitute double jeopardy and denied defendant due process under the law.

C. The defendant's charges for hindering investigation and false swearing constitute double jeopardy and denied defendant due process under the law.

POINT V

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

I.

Defendant argues that trial counsel was ineffective for failing to file a motion to suppress codefendant's statement to police and trial testimony. Defendant asserts that codefendant made incriminating statements because

5

police shared information obtained from defendant, which the Supreme Court later suppressed. Therefore, defendant asserts that codefendant's statements should have been excluded as "fruit of the poisonous tree." Applying settled principles, we disagree.

To establish a claim for ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, we must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second Strickland prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

A-2793-18T3

sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). The defendant bears the burden of establishing a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012).

Defendant fails to meet the first Strickland prong because, as the PCR judge noted, defendant lacked standing to move to suppress codefendant's statement. The privilege against self-incrimination is personal in nature and must be claimed by the person seeking its protection, not by someone on another's behalf. See In re Boiardo, 34 N.J. 599, 604 (1961). It is well established that a defendant cannot "vicariously assert that another's right against self-incrimination has been violated." State v. Baum, 199 N.J. 407, 417

(2009). As such, defendant's trial counsel was under no obligation to file a motion to suppress codefendant's statement.

Additionally, our Supreme Court previously addressed this argument and held that there was no violation of the defendants' rights where two defendants argued that their Fifth Amendment rights were violated when they confessed as a result of an illegally obtained confession by their codefendant. State v. Johnson, 43 N.J. 572, 595 (1965). The Court held that the two defendants' confessions were voluntary and ultimately admissible, even if their confessions were a product of their codefendant's involuntary statement. Id. at 595-96; see also State v. Manning, 165 N.J. Super. 19, 30-31 (App. Div. 1978) (upholding the admission of a confession after police lied to the defendant, telling him that his codefendant had already confessed). The Court declared that "[v]oluntariness remains the test in this situation." Johnson, 43 N.J. at 595-96.

Even if counsel could have successfully moved to suppress codefendant's statement to police, which is not the case, there is no legal authority under which the trial judge could have then barred codefendant from testifying at trial. Codefendant was charged under the same indictment as defendant, and as such, she had a constitutional right to testify at trial. State v. Savage, 120 N.J. 594, 627-28 (1990); see also State v. Long, 119 N.J. 439, 488-89 (1990) (affirming

8

that the State may condition a plea agreement on a defendant's agreement to give truthful testimony).

Defendant also fails to satisfy the second Strickland prong because, as the PCR judge stated, he failed to establish a reasonable probability that the result of the proceeding would have been different had trial counsel made such a motion. As to codefendant's statement to police, the State did not introduce this statement at trial. Additionally, the trial judge found that the victims' bodies and related physical evidence were admissible under the inevitable discovery doctrine. See State v. Sugar, 108 N.J. 151, 156 (1987) (noting evidence that was the product of an illegal search is admissible when the evidence in question would have been discovered without reference to the police misconduct or error). As for codefendant's trial testimony, defendant himself testified about his involvement in the disposal of his parents' bodies and his inconsistent statements to police, and therefore codefendant's testimony was not necessary to establish defendant's guilt.

II.

Defendant contends that his convictions after the first trial should be reversed based on double jeopardy and due process grounds because some of the convicted offenses have elements in common. He argues that the following

offenses overlap: count five, theft by unlawful taking, with count six, fraudulent use of a credit card; count three, hindering apprehension of prosecution, with count ten, tampering with physical evidence; and count eleven, false swearing, with count twelve, hindering apprehension by false information to law enforcement.

"Where two criminal statutes prohibit the same basic act, the prosecutor may[,] in the exercise of sound discretion[,] proceed under either or both statutes as long as only [a] single conviction survives." State v. D.V., 348 N.J. Super. 107, 114 (App. Div. 2002), aff'd o.b., 176 N.J. 338 (2003); State v. Gledhill, 67 N.J. 565, 580 (1975); see also N.J.S.A. 2C:1-8 (providing that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense"). It is a "well 'settled rule'" that when an act violates more than one statute, the State may prosecute under either so long as "it does not discriminate against any class of defendants." State v. Moorer, 448 N.J. Super. 94, 104 (App. Div. 2016) (quoting State v. Kittrell, 145 N.J. 112, 129 (1996)). So long as both criminal statutes clearly define the prohibited conduct and corresponding punishment, the notice requirements of due process are satisfied. Kittrell, 145 N.J. at 129.

A-2793-18T3

As the PCR judge noted, it is clear that a prosecutor can bring overlapping charges with common elements. As to counts five and six, the theft charge was premised on defendant's ATM withdrawals, while the fraud charge related to defendant's continued use of the card at various locations. As to counts three and ten, the hindering charge referred to defendant destroying evidence on his parents' bodies and removing the bedding to prevent his own apprehension, whereas the tampering charge referred to defendant stripping, bleaching, moving, and concealing the parents' bodies to impair the integrity and availability of the bodies as evidence. As to counts eleven and twelve, the false swearing charge concerned defendant's October 18, 2008 statement to police, whereas the hindering charge concerned statements that defendant made to police about his parents' whereabouts between October 17 and 24, 2008.

Moreover, these contentions are barred under Rule 3:22-4(a), as they could have been raised as a direct challenge to his convictions after his first trial. In State v. Smith, 43 N.J. 67, 74 (1964), our Supreme Court explained that a PCR "proceeding may not be used as a substitute for an appeal from the judgment of conviction. All alleged errors inhering in a trial must be asserted in a direct review from the conviction[.]" See also R. 3:22-3 (providing that a petition for PCR is not a substitute for a direct appeal).

11

Thus, we reject defendant's assertion that he suffered double jeopardy violations. The prosecutor was legally permitted to bring these claims as they were separate and discrete.

### III.

Finally, defendant argues that to the extent that the PCR judge found that any of the issues raised in his PCR petition should have been raised on direct appeal, he was deprived of effective assistance of appellate counsel for counsel's failing to do so. We disagree.

Appellate counsel is not required to present all non-frivolous claims. Jones v. Barnes, 463 U.S. 745, 751 (1983); see also State v. Gaither, 396 N.J. Super. 508, 515-16 (App. Div. 2007) (confirming that appellate counsel has no duty to make an argument, regardless of merit, even if the defendant believes that it should be made). A court will not find appellate counsel to be ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have either found that no error occurred or that the error was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); State v. Harris, 181 N.J. 391, 499 (2004). "A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." Jones, 463 U.S. at 753.

A-2793-18T3

The PCR judge rejected defendant's arguments on the merits. Because appellate counsel on direct appeal is not required to bring all of defendant's arguments, regardless of merit, appellate counsel on PCR appeal was not required to bring all of defendant's arguments as well. See Gaither, 396 N.J. Super. at 515. Appellate counsel properly exercised discretion in determining which arguments to make. See Jones, 463 U.S. at 754 (discouraging judges from "second-guess[ing] reasonable professional judgments and impos[ing] on appointed counsel a duty to raise every 'colorable' claim suggested by a client [because it] would disserve the very goal of vigorous and effective advocacy"). Thus, defendant was not deprived of effective assistance of appellate counsel.

We conclude that defendant's remaining arguments—to the extent we have not addressed them—are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2793-18T3