**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5305-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARCEL A. SAMERO,
a/k/a MANUEL A. MONQUE,

     Defendant-Appellant.

_____

Submitted February 3, 2021 – Decided March 17, 2021

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 09-02-0094.

Joseph E. Krakora, Public Defender, attorney for appellant (Justin T. Loughry, Designated Counsel, on the briefs).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marcel A. Samero appeals from a March 27, 2019 order entered by the Law Division denying his petition for post-conviction relief (PCR) following an evidentiary hearing. Defendant argues that his trial and appellate counsel were ineffective. We disagree and affirm substantially for the reasons expressed by Judge Christopher J. Garrenger in his comprehensive written decision that accompanied the order under review.

I.

The underlying facts supporting defendant's convictions are outlined in our opinion on his direct appeal, which affirmed his conviction and sentence, and need not be repeated here.[1] A subsequent petition for certification to our Supreme Court was also denied.[2] However, we highlight the relevant procedural and factual history for the issues raised in this appeal.

In October 2008, defendant was one of four participants in a robbery at a Walmart located in Burlington Township where his sister was previously employed. The robbery scheme was devised in August 2008 when defendant had the opportunity to discuss Walmart's closing procedures with his sister and

---

[1] State v. Samero, No. A-1277-11 (App. Div. Aug. 5, 2015).

[2] State v. Samero, 226 N.J. 211 (2016).

learned about the "war wagon" used to deposit cash from the registers at the end of the night. After a first attempt was aborted when defendant's car stalled in the fire lane in front of the store, the robbery occurred the following evening at 11:00 p.m. The assailants ordered a man near the store's entrance to the ground at gunpoint. Defendant retrieved $38,000 in cash from the war wagon while the co-defendants served as lookouts. Two female employees who were wheeling the war wagon fled; one was ordered to get down by an armed co-defendant, and the other fled into the bathroom and called the police. Later, defendant grabbed the gun from the co-defendant and brandished it, while removing money from the war wagon. Defendant and his cohorts escaped from the store with the proceeds and fled by car.

A grand jury indicted defendant for first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (count one); second-degree conspiracy to commit unarmed robbery, N.J.S.A. 2C:5-2(a) and N.J.S.A. 2C:15-1(a)(1) (count two); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count five); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count six).

The State dismissed counts two, four, and five prior to trial. The jury found defendant guilty on count one of first-degree conspiracy to commit robbery as a lesser-included offense of first-degree robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(b), and not guilty on count three, possession of a weapon for an unlawful purpose. Following a separate trial before the same jury, defendant was convicted on count six of certain persons not to have weapons. Defendant did not testify at either trial. He was sentenced to eight years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and ordered to pay restitution.

On August 11, 2016, defendant filed a pro se petition for PCR, claiming his trial counsel was ineffective for not properly defending cellular phone call detail records, failing to seek an adjournment on the eve of the trial to retain an expert on cellular phone and geospatial analysis, and not calling certain witnesses to testify at trial. Defendant also argued his appellate counsel was ineffective. On December 16, 2016, the judge assigned PCR counsel to represent defendant.[3]

The judge conducted an evidentiary hearing on November 26, 2018, and January 14, 2019. Defendant presented the testimony of his PCR counsel and

---

[3] PCR counsel did not file an amended petition on behalf of defendant.

also introduced into evidence Sprint and Verizon phone records, the appellate brief filed on his behalf, and a copy of the motion in limine transcript on the issue of the admissibility of the cellular phone records. The State presented the testimony of defendant's trial and appellate counsel at the PCR hearing.

PCR counsel testified that the State subpoenaed records from Sprint and Verizon for a phone number ostensibly belonging to defendant, for the period of October 2 to October 3, 2008. The Sprint records were admitted into evidence while the Verizon records were referred to during the trial but not admitted into evidence. After reviewing the trial transcripts, PCR counsel argued that trial counsel filed an "omnibus" in limine motion on behalf of defendant prior to trial but did not specifically address the admissibility of the cellular phone or cellular phone tower location records. Further, PCR counsel testified she reviewed the appellate brief filed on defendant's behalf and there was "[n]o mention at all" relative to the admissibility of the cellular phone records.

Testifying on behalf of the State, defendant's trial counsel stated defendant was an "active participant in his defense" and "insist[ed] on developing an alibi defense and using his father, Robin Samero, to do that." Defendant wanted to introduce a ticket stub from a Nerds concert that took place in Philadelphia on the night of the robbery and testimony from a cousin, Roger Gilbert, to support

his alibi defense that he was at the concert. Trial counsel thought defendant's father would be a "weak witness" because he had a criminal history, which was delved into on cross-examination. Despite discussing the "pitfalls" of calling defendant's father as a witness, trial counsel testified that defendant insisted upon it. Several other witnesses also testified that defendant was at the Nerds concert on the night of the robbery, but the jury did not believe them. Trial counsel presented evidence that when the police searched defendant, they found a ticket stub for the night the robbery occurred.

Karen Jenkins, who was Robin Samero's fiancée, testified that on the evening of October 2, 2008, she was at his home and saw concert tickets on the table. Jenkins stated she saw defendant and Gilbert leave the home with the concert tickets. Gilbert testified he went to the Nerds concert with defendant at the Electric Factory in Philadelphia. Further, trial counsel testified he filed a "written motion in limine" objecting to the admissibility of the cellular phone records based on imbedded hearsay and confrontation clause theories, which were rejected by the trial judge.

Trial counsel also conferred with a cellular tower expert about testifying at trial. Following their conversation, trial counsel concluded the cellular tower records "were damaging" and calling an expert to testify would only "highlight"

6

the issue to the detriment of defendant. Trial counsel planned to call defendant's "on and off again" girlfriend Heather Berkey, and mother of one of his children to testify at trial, but ultimately, she refused to provide the anticipated favorable testimony for defendant. And, defendant claimed his trial counsel should have objected to the prosecutor's characterization of him as the second man waving a firearm during the robbery.

Following argument on January 14, 2019, Judge Garrenger reserved decision and thereafter issued his written decision and order denying PCR. The judge found defense counsel testified "credibly, reasonably and without undue hesitation or deliberation." Addressing the procedural aspects of the petition, the judge correctly recognized defendant's "arguments arising from the second phase of trial were adjudicated at the [a]ppellate level" and are procedurally barred, citing State v. McQuaid, 147 N.J. 464, 484 (1997) (PCR claims that are "identical or substantially equivalent" to those issues previously adjudicated on its merits will be barred.).

Judge Garrenger also found, "[a]ny issue pertaining to any purported inconsistent verdict was considered at the trial and appellate level[s]." The judge concluded PCR counsel "adroitly" reiterated arguments that are "substantially the same" and a "restatement" of arguments addressed on appeal,

including claims pertaining to the jury charge.  A memorializing order was entered on March 27, 2019.  This appeal ensued.

Defendant raises the following issues in appealing the PCR denial:

POINT I

THE STANDARD FOR DETERMINING INEFFECTIVE ASSISTANCE OF COUNSEL IS MET IN THIS CASE.

POINT II

TRIAL COUNSEL MISTAKENLY ABANDONED HIS MERITORIOUS OBJECTION TO THE ADMISSION OF THE CELL PHONE RECORDS WITHOUT A COMPETENT WITNESS FROM THE CARRIER TO LAY THE FOUNDATION FOR THE APPLICATION OF THE BUSINESS RECORDS EXCEPTION; AND COUNSEL FAILED TO DEVELOP AND PRESENT EXPERT TESTIMONY TO EXPOSE THE ABSENCE OF CRUCIAL DATA IN THE RECORDS WITHOUT WHICH THE RECORDS COULD NOT GIVE RISE TO ANY VALID ANALYSIS OF CELL PHONE LOCATION. THE MOTION JUDGE ERRED IN FINDING COUNSEL'S PERFORMANCE NON-DEFICIENT OR OBJECTIVELY REASONABLE.

POINT III

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO IMPORTANT HEARSAY EVIDENCE AND THEN FAILING TO IMPEACH THAT HEARSAY WITH RELATED EXCULPATORY

HEARSAY THAT HE HAD IN HIS FILE, UNDER EVID[ENCE] RULE 806.

POINT IV

COUNSEL COMMITTED A SERIOUS ERROR BY OPENING WITH WHAT AMOUNTED TO A PROMISE THAT THE JURY WOULD HEAR FROM HEATHER BERKEY.

POINT V

THE PCR CLAIM OF INEFFECTIVE ASSISTANCE FOR TRIAL COUNSEL'S FAILURE TO OBJECT TO [THE] PROSECUTOR'S ARGUMENT IN PHASE II OF TRIAL WAS NOT IDENTICAL OR SUBSTANTIALLY EQUIVALENT TO ANY ARGUMENT RAISED BY TRIAL COUNSEL OR APPELLATE COUNSEL; IT IS AN ARGUMENT AND ISSUE THAT COUNSEL MISSED, TO THE PETITIONER'S DETRIMENT.

## II.

Claims of ineffective assistance of counsel are governed by the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard in New Jersey). For a defendant to establish a prima facie case of ineffective assistance of counsel under Strickland, the defendant must show that defense "counsel's performance was deficient" and that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.'" State v. Preciose, 129 N.J. 451, 463-64 (1992) (quoting Strickland, 466 U.S. at 694); see also State v. Allegro, 193 N.J. 352, 366 (2008).

"The first prong of the [Strickland] test is satisfied by a showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." Allegro, 193 N.J. at 366 (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). To satisfy the second prong of Strickland, a defendant must prove "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 367 (quoting State v. Loftin, 191 N.J. 172, 198 (2007)). The second prong is "an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" Ibid. (alteration in original) (quoting Castagna, 187 N.J. at 315).

Where there has been an evidentiary hearing, we review a PCR petition with deference to the trial court's factual findings. State v. Nash, 212 N.J. 518, 540 (2013). To the extent defendant's arguments challenge the PCR court's legal conclusion, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012).

Here, the testimony adduced at the evidentiary hearing belies defendant's contention that trial counsel was ineffective in his handling of the cellular phone

10

and tower records. The record clearly shows trial counsel argued for exclusion of these records. Moreover, the Sprint subscriber information verified that the phone number in question was actually registered to someone else. Defendant's sister identified yet another number as defendant's number in her statement, which was one digit different than the number given by Heather Berkey. At trial, defendant's witnesses testified that the phone number listed in the police report did not belong to defendant. Further, Judge Garrenger aptly determined that defendant's trial counsel "reasonably employed" trial strategies, such as declining to retain an expert witness. We see no reason to disturb the judge's factual and credibility findings. State v. Robinson, 200 N.J. 1, 15 (2009).

We are also not persuaded by defendant's argument that his trial counsel was ineffective for deciding not to call Heather Berkey to testify at trial. The judge elaborated:

> The court recognizes that the test under Strickland is not one of hindsight, but of a totality of circumstances at the time the alleged error occurred. At the hearing, counsel for [p]etitioner elicited from [trial counsel] that it was petitioner, engaging his right to assist counsel, who had discussed utilizing Berkey as a witness for the defense. Trial counsel further testified, credibly, that petitioner had produced the letter recanting Ms. Berkey's earlier statement and had insisted that counsel use the statement. Trial counsel conceded legitimate reservations regarding its use, noting that Berkey was "on again, off again," but the

> decision ultimately relied on several assurances from the petitioner. It was not until later that counsel was informed by petitioner that Berkey refused . . . to testify at trial. In consideration of the testimony of trial counsel, the [c]ourt finds that counsel acted reasonably based on the information available to him at the time of trial. This court finds no error or deficiency in representation by [trial counsel].

We note that "complaints merely of matters of trial strategy will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)). A legitimate, strategic decision does not warrant reversal. "'[A]n otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial.'" Allegro, 193 N.J. at 367 (quoting Castagna, 187 N.J. at 314). The judge's conclusion that trial counsel was not ineffective for refraining from calling Heather Berkey as a witness is based upon substantial, credible evidence in the record.

Defendant's PCR petition also claimed that his appellate counsel should have argued the cellular phone records issue and should have "engaged in more diligent efforts" to obtain the in limine hearing transcript addressing the trial court's decision to admit the records without the "requisite expert testimony." However, "a defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue that defendant requests on appeal." State

12

v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007) (citing Jones v. Barnes, 463 U.S. 745, 753-54 (1983)). Indeed, "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." Jones, 463 U.S. at 753. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones, 463 U.S. at 751-52.) We reject this claim for the reasons set forth by the PCR judge, "[t]he concerns and issues raised by appellate counsel are substantially similar in nature to the issues raised by [p]etitioner in the instant petition."

Moreover, we cannot overlook the fact that trial counsel successfully obtained an acquittal for defendant on the first-degree robbery charge and possession of a firearm for an unlawful purpose. We have considered defendant's arguments raised on this appeal in view of the record, the applicable legal principles, and our deferential standards of review, and conclude defendant's reprised contentions lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). Having conducted a de novo review of the PCR judge's legal conclusions, Nash, 212 N.J. at 540-41, we

13

likewise find no reason to disturb Judge Garrenger's decision. We rely instead on the judge's thorough and reasoned analyses of the issues raised.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5305-18