**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0536-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLIFFORD L. JENKINS,

    Defendant-Appellant.

_____

Submitted May 18, 2026 – Decided June 26, 2026

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 98-04-0596.

Andrew R. Burroughs, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Andrew R. Burroughs, on the briefs).

Michele C. Buckley, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Michele C. Buckley, of counsel and on the brief).

PER CURIAM

Defendant Clifford L. Jenkins appeals from a July 8, 2024 order denying his second petition for post-conviction relief ("PCR") based on ineffective assistance of trial, appellate, and first PCR counsel, without an evidentiary hearing. Discerning no error on the part of the PCR court, we affirm.

I.

In 1999, after a five-day jury trial defendant was found guilty of various first-degree and second-degree robbery and aggravated assault charges involving multiple victims.

The underlying and essentially undisputed facts are that defendant engaged in a crime spree over the course of several hours in January 1998 when he assaulted three individuals. Defendant struck a passer-by in the head and stole his wallet and keys, stole a pocketbook from a female pedestrian, and assaulted and stole a vehicle from another individual who was in his driveway cleaning out his car at the time.

After granting the State's application for a sentence to an extended term under N.J.S.A. 2C:43-7.1, the sentencing court imposed an aggregate custodial sentence of eighty years' incarceration with a sixty-four and one-half year period of parole disqualifier under the No Early Release Act ("NERA"), 2C:43-7.2.

A-0536-24

We previously affirmed defendant's conviction on direct appeal but vacated and remanded for resentencing and on the application of NERA. See State v. Jenkins, No. A-5711-00 (App. Div. Sept. 23, 2002). On remand, the court entered an amended judgment, sentencing defendant to an aggregate term of eighty-years' incarceration with a parole disqualifier of twenty-five and one-half years. Defendant sought certification, which was denied by our Supreme Court. See State v. Jenkins, 176 N.J. 74 (2003).

On July 8, 2003, defendant filed a pro se PCR petition, his first, asserting ineffective assistance of trial counsel, due to counsel's "failure to investigate potential witness[es] that could give exculpatory information for a carjacking." The first PCR court denied defendant's petition and we affirmed the PCR court's order on February 10, 2009. State v. Jenkins, No. A-0785-07 (App. Div. Feb. 10, 2009). Our Supreme Court subsequently denied defendant's petition for certification. State v. Jenkins, 199 N.J. 133 (2009).

Approximately fourteen years later, on April 26, 2023, defendant filed a second pro se PCR petition, the substance of which was supplemented by assigned counsel. In his supplemented brief, defendant asserted trial, appellate, and first PCR counsel provided ineffective assistance by failing to move to sever the carjacking charges in the original indictment, the carjacking statute should

3

be void as unconstitutional, and the petition for PCR was timely as various factual predicates for relief were discovered with time.

Judge Stacey K. Boretz issued a comprehensive and well-reasoned written opinion denying all of defendant's PCR claims as untimely under Rule 3:22-12(a). The judge further found relaxation of the applicable rule was unwarranted as, "it is clear defendant was aware of these issues fourteen years ago" in February 2009, when we issued our opinion affirming the denial of his first PCR petition. Judge Boretz noted, "[t]he delay here is significant and the [d]efendant has failed to demonstrate excusable neglect for the substantial delay."

As to defendant's substantive arguments, the judge further noted that "[d]efendant ha[d] failed to establish that his current contentions would have succeeded if he had raised them in a timely fashion" under the first prong of Strickland, requiring defendant to establish that counsel's performance was deficient. See State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Likewise, the court found defendant had failed to establish that there are material issues of fact outside the record that warrant an evidentiary hearing, or that a hearing would aid in a decision.

On appeal, defendant raises the following arguments for our consideration.

4

POINT I

TO THE EXTENT THAT THERE WAS A PROCEDURAL TIME BAR, IT SHOULD BE RELAXED IN THE INTEREST OF JUSTICE.

POINT II

AS [DEFENDANT] HAD ESTABLISHED A CASE OF PREJUDICIAL INEFFECTIVE ASSISTANCE OF TRIAL, APPELLATE AND FIRST PCR COUNSEL, HE IS ENTITLED TO A NEW TRIAL.

> (1) First PCR counsel was ineffective by failing to argue that trial counsel was ineffective by failing to file a motion for severance of the carjacking count from other unrelated incidents charged in the indictment.

> (2) First PCR counsel was ineffective by failing to argue that trial counsel was ineffective by failing to request adequate jury instructions on other crimes evidence and possession of stolen property.

> (3) First PCR counsel was ineffective by failing to argue that appellate counsel was ineffective on direct appeal for failing to argue cognizable claims on direct appeal.

POINT III

AS THERE WERE MATERIAL ISSUES OF DISPUTED FACT, THE SECOND PCR COURT ERRED WHEN IT DENIED DEFENDANT'S SECOND PCR PETITION WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

A-0536-24

II.

We review de novo the trial court's legal conclusion that defendant's second PCR petition is barred by Rule 3:22-4 and Rule 3:22-12(a)(2). State v. Harris, 181 N.J. 391, 419 (2004).

Rule 3:22-4(b) provides, in relevant part: "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under Rule 3:22-12(a)(2)[.]" (Emphasis added). Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [(Emphasis added).]

Defendant submits that although the present petition was clearly well beyond the one-year mark, it is not barred because it was filed within one year of the discovery of "information which provided the factual predicate for this second PCR petition." Specifically, defendant asserts he first discovered

A-0536-24

information about carjacking statistics in response to a request under the Open Public Record Act ("OPRA"), N.J.S.A. 47:1A-1 to -13, in approximately July 2022. And, he maintains the procedural time bar must be relaxed on that basis, and that "[e]ven if technically [his] second PCR petition is time barred, the interest of justice requires relaxation of the time bar." We disagree.

Our review of this record convinces us that Judge Boretz addressed all of defendant's claims and appropriately denied his second PCR petition in its entirety as untimely under Rule 3:22-12(a)(2). In particular, we agree with the PCR court's finding that defendant having previously raised the issues set forth in the present petition, "it is clear that [he] was aware of these issues fourteen years ago, and there is simply no excusable neglect . . . for waiting an additional fourteen years before filing the present PCR petition." Nor are we convinced defendant's claimed discovery "that the carjacking statute is unconstitutionally vague" has any bearing on the untimeliness of his PCR petition, which asserts claims against trial, appellate, and first PCR counsel. Contrary to defendant's arguments, we observe no error by the PCR court, warranting relaxation of the procedural bar to his claims.

Because the PCR court nevertheless considered defendant's substantive arguments, we do the same.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in Fritz, 105 N.J. at 58 and State v. Gaitan, 209 N.J. 339, 349-50 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid.

Under the second Strickland prong, a defendant must "affirmatively prove" with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

In our view, notwithstanding, defendant's citation to the applicable law, he fails to support any of the contentions raised in either his pro se or counseled briefs to satisfy the rigorous Strickland standard. As Judge Boretz noted, "[d]efendant failed to establish a prima facie case of ineffective assistance of

counsel by the preponderance of the credible evidence or the likelihood of his success on the merits."

Defendant asserts that trial counsel was ineffective by failing to move to sever the carjacking count from the remaining charges in the indictment, appellate counsel was ineffective for failing to raise constitutional arguments, and first PCR counsel failed to argue trial counsel was ineffective as he describes. It is undisputed that defendant previously raised these arguments, and we rejected them. In affirming the denial of defendant's first PCR petition, we addressed the merits of defendant's argument the carjacking charge should have been severed and concluded that given that the temporal proximity of defendant's offenses—occurring over a period of eight hours—involving three victims were inextricably linked, "[i]t is highly unlikely any motion to sever would have been successful."[1] Moreover, we have consistently held that counsel is not required to raise meritless arguments. State v. Gaither, 396 N.J. Super. 508, 515-16 (2007). We therefore reject defendant's substantive arguments that he established a case of ineffective assistance of trial, appellate and first PCR counsel.

---

[1] State v. Jenkins, No. A-0785-07 (App. Div. Feb. 10, 2009) (slip op. at 6-7).

Lastly, defendant claims he is entitled to an evidentiary hearing. However, a hearing is warranted only if a prima facie case of ineffective assistance is established and material facts lie outside the record. See State v. Preciose, 129 N.J. 451, 462 (1992); State v. L.G.-M., 462 N.J. Super. 357, 364-65 (App. Div. 2020). As defendant's petition is untimely, the PCR court did not abuse its discretion in denying a hearing.

Accordingly, having filed a second PCR petition approximately fourteen years post-denial of his first petition, Judge Boretz properly found the PCR petition untimely. To the extent we have not addressed all of defendant's arguments, it is because we deem them without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0536-24