**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3394-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDUARDO LAGO, a/k/a
CHULEY EDDIE, EDGARDO
LAGO, EDUARDO L. LAGO,
and EDUARDO LAGOS,

     Defendant-Appellant.

_____

Submitted November 18, 2020 – Decided January 5, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-04-0450.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Eduardo Lago appeals from a February 12, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in the well-reasoned opinion of Judge Regina Caulfield. We add the following remarks.

Yessina Feliciano was murdered early in the morning of November 14, 2010, while at the home of her sister, Gloria Francisco. The victim and her sister answered the door at Francisco's home when the doorbell rang. They were confronted by three men, and Francisco immediately recognized defendant as one of the men. She saw defendant lift his arms with something in his hands, and heard a single gunshot before the three men fled. Feliciano died at the scene from a gunshot wound.

Following a jury trial before Judge Caulfield, defendant was convicted of first-degree knowing or purposeful murder, N.J.S.A. 2C:11-3(a) or (b) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three).

After the conclusion of trial, defense counsel reportedly suffered from mental health issues and was unavailable to appear with defendant on the

original sentencing date. Accordingly, Judge Caulfield postponed defendant's sentencing. Successor counsel appeared on the adjourned sentencing date, and argued against consecutive sentences for counts one and two, as well as the merger of counts one and three. Further, he requested that defendant serve the mandatory minimum sentence for murder. Judge Caulfield merged count three into count one and imposed a forty-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Additionally, the judge sentenced defendant to a concurrent seven-year sentence term, with a three-year parole disqualifier, on count two. We affirmed defendant's convictions on his direct appeal. State v. Lago, No. A-2321-14 (App. Div. Aug. 1, 2017) (slip op. at 25). The Supreme Court denied defendant's petition for certification in January 2018. State v. Lago, 232 N.J. 145 (2017).

Defendant filed a pro se petition for PCR, which was amended in October 2018 by assigned counsel, who claimed defendant's trial, sentencing, and appellate counsel were ineffective. After Judge Caulfield heard oral argument on the petition, she issued a comprehensive written decision on February 12, 2019, denying defendant's request for PCR relief.

On appeal, defendant raises the following arguments:

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications For [PCR].

(B) Trial Counsel was Ineffective When He Failed to Properly Prepare for this Case Pre-trial by Failing to Investigate the Case and Failing to Prepare and Litigate this Case During Trial and Through to Sentencing.

POINT II

BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A) Legal Standards Governing [PCR] Evidentiary Hearings.

(B) Petitioner is Entitled to an Evidentiary Hearing.

It is well established that PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; State v. Afanador, 151 N.J. 41, 50 (1997). Thus, defendant is barred from raising new issues in his PCR appeal which should have been raised on direct appeal. R. 3:22-4(a). Moreover, to the extent defendant raises

4

issues which we previously addressed in his direct appeal, he is barred from relitigating those issues.  R. 3:22-5.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58-59 (adopting the Strickland test in New Jersey).  The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  The defendant must affirmatively prove prejudice to the defense.  Ibid.

Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing on a PCR petition if he establishes a prima facie case in support of PCR. To establish a prima facie case, a defendant must demonstrate "the reasonable likelihood of succeeding under the test set forth in Strickland[.]" State v. Preciose, 129 N.J. 451, 463 (1992).  Moreover, there must be "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court must determine that "an evidentiary hearing is necessary to resolve the

claims for relief." State v. Porter, 216 N.J. 343, 354 (2013) (quoting Rule 3:22-10(b)).

When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant. Preciose, 129 N.J. at 462-63. "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted). The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58).

Judge Caulfield's opinion reflects her thorough analysis of the issues raised by defendant, so we need only highlight some of her findings to give context to our decision.

In response to defendant's argument that trial counsel was ineffective for failing to properly investigate and prepare for trial, the judge noted defendant failed to produce affidavits or certifications from any witnesses who would have supported his defense that he was not responsible for the victim's murder.

Accordingly, the judge deemed the claim that counsel was deficient for failing to conduct an adequate investigation "nothing more than a 'bald assertion.'" Likewise, the judge found defendant's assertion that trial counsel was ineffective for failing to investigate the criminal histories of the State's witnesses to be "without merit." She observed, for example, that when defendant's trial counsel commenced cross-examination of one particular witness, "defense counsel brought [that witness's] pending robbery and burglary charges in Essex County to the [c]ourt's attention. Counsel had been provided a copy of [the witness's] criminal history . . . . [and] questioned [him] at length about the charges."

Judge Caulfield further determined "the trial record makes clear that counsel developed a reasonable strategy, through his cross-examination of the State's witnesses, that defendant may have been present at the scene but was not the individual who fired the gun." The judge outlined how trial counsel vigorously cross-examined several witnesses to challenge their credibility and to lend credence to defendant's claim he was not the shooter.

Defendant also asserted his trial counsel's performance during a Gross[1] hearing was ineffective. However, Judge Caulfield found this claim to be "vague." Moreover, the judge determined defendant failed to establish

---

[1] State v. Gross, 216 N.J. Super. 90 (App. Div. 1987) aff'd, 121 N.J. 1 (1990).

"counsel's performance at such hearing was either deficient or that it prejudiced the defense." She recalled that while trial counsel

> expressed some uncertainty about how to proceed with [one] witness, same is understandable given [that witness's] vacillation . . . between remembering parts of what he had told the police in his statement, and not recalling other parts, and then a few days later, . . . stating that he could not recall anything about the statement. Counsel asked for a moment and then proceeded with his questions.

The judge also confirmed defense counsel's initial uncertainty during the Gross hearing did not constitute an error "so serious that [he] was not functioning as the counsel guaranteed by the Sixth Amendment." State v. Pierre, 223 N.J. 560, 578 (2015), quoting Strickland, 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013) (citation omitted). Similarly, Judge Caulfield rejected as "without merit" defendant's argument that trial counsel was ineffective for failing to file a Wade[2] motion. Further, she disagreed trial counsel should have filed a motion to suppress Francisco's identification of defendant. Noting defendant did not allege suggestive identification procedures were utilized by law enforcement and that there was "no issue" as to Francisco's ability to identify defendant, the

---

[2] U.S. v. Wade, 388 U.S. 218 (1967).

A-3394-18T1

judge properly recognized, "[i]t is not ineffective assistance for an attorney to fail to file a motion that lacks merit." State v. O'Neal, 190 N.J. 601, 619 (2007).

Regarding defendant's contention his trial attorney's mental health issues caused him to be ineffective, Judge Caulfield found defendant failed to show trial counsel's mental health issues were present before or during trial. Having presided over the trial, the judge recalled "trial counsel conducted a focused cross-examination of each witness, pointed out inconsistencies in their testimony, attacked their credibility, and did everything he could to establish that another individual had shot and killed the victim." Judge Caulfield added:

> as the record makes clear, counsel provided clear, direct, and coherent opening and closing statements, appropriately cross-examined the State's witnesses through the trial and lodged appropriate and often successful objections during the direct examination of the State's witnesses. In addition, the court notes that at no point during the trial did the court make any observations concerning trial counsel's alleged mental health issues.

The judge concluded, "defendant's claims, without more, and with no support in the trial record - do not establish that his trial attorney's representation fell below an objective standard of reasonableness under the Strickland/Fritz analysis." Consequently, the judge determined there was "no basis to order the production of [trial counsel's] treatment records, if same even exist."

Defendant also contends for the first time on appeal that trial counsel was ineffective because he failed to argue defendant was intoxicated at the time of the shooting and should have requested jury charges on intoxication. Defendant claims "the intoxication defense would have dovetailed nicely with the rest of the defense, because one can be intoxicated without being the shooter. It was not trial strategy to forego the intoxication defense, and even if it was, this would be an unsound strategy."

"Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." See State v. Robinson, 200 N.J. 1, 19 (2009); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Accordingly, we need not address defendant's argument about trial counsel's decision not to advance the theory that defendant was intoxicated at the time of the murder.

If we were to consider this newly-minted intoxication argument, we do not find it persuasive, as it is not tethered to any showing of prejudice under the second Strickland prong. Moreover, we have long recognized trial strategy is clearly within the presumptive discretion of competent trial counsel. See State v. Coruzzi, 189 N.J. Super. 273, 321 (App. Div. 1983). Strategic decisions are

presumed to fall "within the wide range of reasonable professional assistance[.]" State v. Arthur, 184 N.J. 307, 318-19 (2005) (citations omitted). Upon review of the record, we are satisfied any strategic decision made by trial counsel to refrain from arguing there was evidence of defendant's intoxication at the time of the murder was valid, particularly since defendant maintained he was not the shooter. We further note that mere strategic miscalculations are insufficient to warrant reversal. State v. Allegro, 193 N.J. 352, 367 (2008) ("As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of a fair trial.").

Defendant also contends that sentencing counsel was ineffective for failing to present mitigating factors for the judge's consideration, such as his youthful age at the time of the murder. We are satisfied Judge Caulfield properly rejected this argument. The judge recalled that at sentencing, counsel argued for a minimal aggregate sentence and asked her to apply mitigating factor three (defendant acted under a strong provocation), N.J.S.A. 2C:44-1(b)(3). She rejected mitigating factor three after reviewing her "copious notes" from the trial, and added that "[t]here were no other mitigating factors that counsel could reasonably have argued." Further, the judge noted, "[t]he fact that defendant

11

was 17 at the time of the homicide is not a statutory mitigating factor, and was a fact the court was well aware of." Accordingly, the judge determined defendant "failed to establish a case of ineffective assistance of [sentencing] counsel."

Additionally, defendant contends that both his trial and appellate counsel were ineffective for failing to assert the factual basis for his murder charge was insufficient to support a conviction. We agree with Judge Caulfield that this argument lacks merit. As the judge aptly noted, the State's case against defendant was strong. Indeed, it involved testimony from various witnesses, including the eyewitness testimony of the victim's sister, "who knew defendant well, recognized him on the morning of the shooting, and saw him raise an object in his hand immediately before her sister was shot."

Although defendant is entitled to the effective assistance of trial and appellate counsel, "counsel does not have a constitutional duty to raise every non[-]frivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)); see also State v. Gaither, 396 N.J. Super. 508, 516 (App. Div. 2007) (holding that appellate counsel is not "required to advance every claim insisted upon by a client on appeal.").

Absent an evidentiary hearing, our review of the factual inferences drawn by the PCR court from the record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Having carefully reviewed the record and conducted a de novo review, we perceive no basis to disturb Judge Caulfield's well-supported finding that defendant failed to establish the performance of trial, sentencing or appellate counsel was deficient or that their alleged respective errors prejudiced him. Accordingly, defendant was not entitled to an evidentiary hearing and his PCR petition was properly denied.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3394-18T1