**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0200-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FUQUAN J. GILLARD,

    Defendant-Appellant.

_____

Submitted February 1, 2021 – Decided March 9, 2021

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-04-0985.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Fuquan J. Gillard appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I.

On January 25, 2013, a police officer observed a car, whose driver appeared to be asleep at the wheel, as it was stopped at a red light in Mays Landing. The registration was expired. When defendant awoke, he made a left turn, crossing over the painted median. The officer stopped the vehicle. Defendant was placed under arrest because of an outstanding warrant. When defendant opened the vehicle's back door, the arresting officer looked in and saw a handgun lying on the floor near the rear passenger seat. There also was an opaque bag from CVS on the floor next to the gun that appeared to contain packets of heroin. The back panel of the passenger seat was off, revealing an area that could be used for storage. According to the officer, defendant exclaimed, "oh, shit, I can't believe that I let them take that shipment." There were nearly five hundred packets of heroin in the vehicle.

Bashaun Hood testified for the defense that on January 23, 2013, he borrowed the same car. He placed the heroin and gun under the rear passenger seat. Hood acknowledged on cross-examination that he and defendant were in

A-0200-19

jail together. He admitted he did not come forward with this information for almost a year, and when he spoke with a legal assistant on the phone, he only mentioned the gun not the drugs. There were many details about the drugs and the gun that Hood did not know.

Defendant testified he was using his mother's car when he was stopped. He loaned the car a day before because his mother allowed other people to borrow it. When defendant was arrested, he told the officer "[w]hat gun? I don't have a gun in the car." He denied using the word "shipment." Defendant testified that he said, "I just let him take my shit, man."

Defendant was convicted of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C: 35-10(a)(1) (count one); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5 (count two); second-degree possession of a firearm while committing a drug offense, N.J.S.A. 2C: 39-4.1 (count three); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count four). The trial judge found defendant guilty of second-degree certain persons not to have weapons. N.J.S.A. 2C:39-7(a) (count six).[1] Defendant was sentenced to a mandatory, extended term of

---

[1] The trial court dismissed count five.

eight years with four years of parole ineligibility on count two.[2] On count three, he was sentenced to an eighteen-year term with nine years of parole ineligibility. The court also imposed a consecutive ten-year term of imprisonment with a five-year period of parole ineligibility. His aggregate sentence was thirty-six years with eighteen years of parole ineligibility.

We affirmed defendant's conviction and sentence in an unpublished opinion. State v. Gillard, No. A-0096-14 (App Div. July 19, 2016) (slip op. at 4-5). His petition for certification was denied. State v. Gillard, 228 N.J. 252 (2016).

Defendant filed a pro-se PCR petition for post-conviction relief on January 18, 2017. Counsel was assigned in April 2018. On May 20, 2019, the PCR court issued an order and comprehensive written opinion denying the PCR petition without an evidentiary hearing.

Defendant presents the following issues for our consideration on appeal:

POINT I

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL

---

[2] Count one was merged with count two and count three with count four.

REPRESENTATION FROM TRIAL AND APPELLATE COUNSEL.

A. LEGAL PRINCIPLES.

B. ADMISSION OF DEFENDANT'S CONVICTION FOR AGGRAVATED ASSAULT.

C. APPELLATE COUNSEL'S FAILURE TO RAISE CERTAIN ISSUES ON APPEAL.

D. FAILURE TO APPEAL TRIAL COURT'S ORDER EXCLUDING DEFENSE WITNESS'S PRIOR CONVICTION FOR POSSESSION OF CDS AS SUBSTANTIVE EVIDENCE.

E. FAILURE OF [PCR] COURT TO CONDUCT AN EVIDENTIARY HEARING.

## II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that

5

there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 219-20 (2002) (citing State v. Bey, 161 N.J. 233, 252 (1999)).

Although a defendant is entitled to the effective assistance of appellate counsel, "appellate counsel does not have a constitutional duty to raise every non[-]frivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)); see also State v. Gaither, 396 N.J. Super. 508, 516 (App. Div. 2007) (holding that appellate counsel is not "required to advance every claim insisted upon by a client on appeal").

Defendant claims his trial attorney and appellate attorney provided ineffective assistance.

### A.

To attack credibility, New Jersey Evidence Rule (N.J.R.E.) 609 permits the admission of a witness's conviction of a crime, subject to certain limitations. In State v. Brunson, 132 N.J. 377, 391 (1993), the Supreme Court held that

6

where a defendant "has been convicted of a crime that is the same or similar to the offense charged," the conviction is admissible but is "limited to the degree of the crime and the date of the offense but excluding any evidence of the specific crime of which [the] defendant was convicted." The Supreme Court extended this holding to non-similar convictions in State v. Hamilton, 193 N.J. 255, 268-69 (2008), in certain circumstances. However, the Court noted "[i]n holding as we do, we do not suggest at this juncture that Brunson should be extended expansively to require sanitization for all prior convictions or even for a particular subcategory of offenses . . . ." Id. at 269.

Defendant's criminal record included a third-degree conviction for a CDS offense and a conviction for second-degree aggravated assault. On direct examination, defendant's attorney questioned defendant about both convictions but referenced that the 2007 conviction was for aggravated assault. Defendant alleges this was an error because it allowed the jury to speculate about the nature of the other offense. Defendant argues his appellate attorney should have raised this issue in the direct appeal.

We agree with the PCR court that these arguments do not support a claim for ineffective assistance. The argument that the jury speculated about the nature of the sanitized conviction is without any factual basis. See State v.

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel"). In addition, the trial court instructed the jury that a conviction could only be received in evidence for the purpose of affecting the credibility of defendant and not for any other purpose. There was no reason to think the jury would use this for any other purpose. See State v. Herbert, 457 N.J. Super. 490, 503 (2019) (observing that "[t]he authority is abundant that courts presume juries follow instructions"). Furthermore, Brunson and Hamilton do not require that all convictions be sanitized. Therefore, defendant has not shown prejudice under Strickland because he has not shown the outcome would be different were the issue raised on appeal.

## B.

Defendant claims his appellate attorney was ineffective for not raising other issues. He argues it was error for the jury to learn he was in jail with Hood at the time Hood gave an exculpatory statement. He argues the jury should not have known about his arrest on an outstanding warrant. Defendant asserts the trial court's limiting instruction was not enough to overcome the prejudice caused by this testimony.

Hood testified that the gun and drugs were his. Defendant's "defense of third-party guilt" made Hood's motive relevant, particularly when he asserted possession of the gun and drugs eleven months after defendant's arrest. The trial court allowed testimony that at the time Hood was making this claim, defendant was assigned to the same pod in jail as Hood. The PCR court explained this "goes to defendant's motive, intent, and opportunity to have Hood assume the blame for defendant's crimes. It is also relevant as to Hood's possible motive for belatedly coming forward to attempt to accept responsibility for the crimes." The trial court admitted this evidence to assist the jury "in the understanding of the context and background of the telephone call made by . . . Mr. Hood." The trial court's limiting instruction informed the jury they could use the evidence for determining credibility. The jury was instructed "you're not to use it as evidence against defendant that he's a bad person or has any tendency to commit crimes because he's presumed innocent until a jury . . . determines his guilt beyond a reasonable doubt . . . ."

We agree with the PCR court that given the relevance and materiality of the evidence, appellate counsel met objectively reasonable performance standards by not appealing this issue, and that the limiting instruction blunted defendant's ability to show prejudice. Appellate counsel's performance was

within professional standards because the evidence allowed the jury to understand the context.

Defendant argues the trial court twice referenced defendant's "impecuniosity" in its instructions to the jury. He argues this was an error because poverty might have been improperly considered by the jury as a motive for committing the charged offenses. See State v. Mathis, 47 N.J. 455, 472 (1966) (providing it is not proper to suggest poverty as a motive for committing a crime). He claims his trial and appellate attorney both failed to raise this issue, constituting ineffective assistance of counsel.

The trial court's instruction to the jury provided in part:

> [y]ou may not use [evidence of incarceration] to decide that [defendant] has a tendency to commit crimes or he's a bad person. People . . . are incarcerated for a whole host of reasons; most of the time because they are not able to make bail on a charge which has been brought for which they are presumed innocent until a jury like you so determines.
>
> I have admitted the evidence only to assist you in the understanding of the context and background of the telephone call made by the witness, Mr. Hood. You may consider it in determining his credibility. You may not consider it for any other purpose.

Defendant's challenge is made out of context. This case is not like Mathis, 47 N.J. at 472, where the Court noted "there must be something more than

poverty to tie a defendant into a criminal milieu." The court instructed the jury they could not use evidence of incarceration to prove defendant had a tendency to commit crimes. They were instructed this was admitted just to determine credibility and for no other purpose. The fact that this instruction was not objected to and the issue was not raised on appeal did not constitute ineffective assistance of counsel. There was nothing improper about the instruction nor was defendant prejudiced by it.

## C.

Defendant argues he was not permitted to present a complete third-party defense because of an erroneous ruling by the trial court, and that his appellate attorney should have raised this in his direct appeal. Defendant wanted to introduce Hood's prior CDS conviction as substantive evidence of his ability to access drugs, but the trial court denied this based on N.J.R.E. 404(b).

Under N.J.R.E. 404(b)(1), "evidence of other crimes, wrongs, or acts is not admissible to prove a person's disposition in order to show that on a particular occasion the person acted in conformity with such disposition." We agree with the PCR court that defendant "was attempting to argue propensity to commit an offense," which was not permitted by N.J.R.E. 404(b). There was no abuse of discretion by the trial court in determining that N.J.R.E. 404(b) applied

11

to prevent the use of Hood's convictions, substantively. We review evidence rulings by the trial court for abuse of discretion. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008). Therefore, defendant's claim of ineffective assistance fails because counsels' performance was not below professional standards by not challenging this issue at trial or on appeal.

D.

Defendant argues the PCR court erred by denying his request for an evidentiary hearing. He claims he proved a prima facie case of ineffective assistance and that the issues he is raising cannot be resolved without reference to matters outside of the record.

We agree with the PCR court that "[a]ll of defendant's claims have been reviewed and addressed within the confines of the record, and defendant has not demonstrated how an evidentiary hearing would aid the court in its analysis of his petition." Because defendant failed to show a prima facie case of ineffective assistance of counsel, an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION