**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2969-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY S. CLARK,

     Defendant-Appellant.

_____

Submitted November 5, 2025 – Decided December 31, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-11-1604.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

As a result of robbing an Ocean Township cell phone store with four other individuals, defendant Anthony Clark was found guilty by a jury of first-degree armed robbery, third-degree criminal restraint, second-degree possession of a weapon for an unlawful purpose, second-degree unlawful possession of a weapon, second-degree theft of movable property, and third-degree receiving stolen property. He was sentenced to a nineteen-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The conviction and sentence were affirmed on direct appeal, and the Supreme Court denied certification. State v. Clark, A-0926-20 (App. Div. Feb. 21), certif. denied, 254 N.J. 65 (2023).

Defendant filed a post-conviction relief (PCR) petition, raising claims of ineffective assistance of counsel. He claimed trial counsel gave him "misinformation and ill [advice]" and did not review the State's evidence with him until the trial commenced. He claimed appellate counsel failed to argue discovery issues and trial counsel's ineffectiveness. His petition was denied without an evidentiary hearing.

In his appeal, defendant asserts a single point:

> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL AND APPELLATE COUNSEL, THE PCR JUDGE ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.
>
> (A) Legal Standards Governing Applications for Post-Conviction Relief.
>
> (B) An Evidentiary Hearing was Required to Determine the Matters for Which the Judge Made Findings.
>
> 1) It was Ineffective for Counsel to Fail to Timely Obtain Relevant Discovery and Fail to Keep that Evidence Out of the Case.
> 2) It was Ineffective for Appellate Counsel to Fail to Raise the Issue.
> 3) As the PCR Judge Failed to Rule Upon the Remaining Claims, a Remand is in Order.

Having reviewed the record and the applicable legal standards, we are unpersuaded by defendant's arguments. We affirm largely for the reasons set forth in PCR Judge Michael A. Guadagno, J.A.D.'s (t/a, retired on recall) cogent written opinion.

The trial proceedings culminating in defendant's conviction are familiar to the parties and detailed in our unpublished decision affirming defendant's conviction and sentence and the PCR judge's opinion. We briefly summarize those proceedings.

3

Co-defendant Richard McLaughlin testified for the State, stating he recruited defendant after another participant was arrested in an unrelated matter. Trial counsel objected to this undisclosed testimony. The testimony was permitted following the parties' written submissions and Rule 104 hearing. The trial court found that while some "details" of McLaughlin's testimony were not previously disclosed, the State did not intentionally mislead defendant, and the testimony was not "exculpatory." McLaughlin testified they "scoped out" the store before the robbery.

Trial counsel also objected to the State's introduction of defendant's social media posts showing that defendant and McLaughlin had a close relationship leading up to the robbery. After conducting a Rule 104 hearing, the trial court found that the posts, though produced late by the State, were properly authenticated by McLaughlin and were "readily accessible" to defendant, as they came from his own, active social media account.

Another Rule 104 hearing was held concerning the State's late disclosure that co-defendant Corey Mitchell would testify that while he and defendant were incarcerated, defendant "[i]nvented the lie" of duress, by asking him to sign an affidavit supporting defendant's story, but he refused to "go along with it."

A-2969-23

Citing State v. Williams, 190 N.J. 114, 129-130 (2007), the court found the testimony was relevant "consciousness of guilt evidence" and refused to bar it.

Defendant testified that he participated in the robbery under duress; co-defendant McLaughlin threatened to harm him and his family if he did not. The jury rejected defendant's contention.

After his appeal was denied, defendant wrote appellate counsel indicating his displeasure that appellate counsel had not raised "the State[']s [a]dmitted [d]iscovery [v]iolation" on appeal, which defendant had requested. Appellate counsel replied that he "did not raise the discovery issue because [he] did not think it could possibly prevail," and that he "st[ood] by that assessment."

Judge Guadagno applying the two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), and Rule 3:22-4, entered an order and written opinion denying relief for substantive and procedural reasons. The judge dismissed defendant's claim that the State's late production of evidence—defendant's own Facebook posts and previously undisclosed testimony given by McLaughlin and Mitchell—"prevented trial counsel from conducting an effective cross-examination of the witnesses at trial." He found that while "the State had failed to make timely disclosure of some of the discovery," the trial

court "concluded that the failures were not intentional and [the trial court] took immediate and effective steps to remedy the issue." Specifically, the trial court, at trial counsel's objection, gave trial counsel "the opportunity to hear the testimony of both Mitchell and McLaughlin out of the jury's presence and cross-examine both without limitation." Moreover, there was no showing that the State's late disclosure was intentional, nor did defendant "demonstrate[] prejudice." The judge found defendant's attempt to "blame . . . trial counsel for the State's failure to provide discovery in a timely fashion . . . groundless and illogical," as defendant "does not suggest what counsel could have done to prevent this."

The judge also found the "discovery issues could have been raised on direct appeal and were not" in contravention of Rule 3:22-4. The judge noted several exceptions to this rule but found them inapplicable here. Therefore, he ruled that "[i]n addition to lacking merit, defendant's discovery claim is procedurally barred."

Judge Guadagno likewise rejected defendant's claim that appellate counsel was ineffective for not arguing the discovery issues on appeal, as "[n]othing in the record suggests that, had counsel raised the issues requested by defendant, a different outcome would have resulted." The judge emphasized

6

that "the failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

We discern no reason to upset Judge Guadagno's order. Defendant argues his "credibility and thus his duress defense were undermined by the late production of the discovery as well as the use of that discovery in cross-examination." He maintains this "prosecutorial misconduct," and "trial counsel's [in]effectiveness in challenging the misconduct," warrants reversal of his conviction.

Judge Guadagno is correct that the "discovery issues could have been raised on direct appeal and were not." "A [defendant] is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a)." State v. Nash, 212 N.J. 518, 546, (2013).

Rule 3:22-4(a) directs:

> Any ground for relief not raised in the proceedings resulting in the conviction . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

7

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

Defendant fails to show how enforcement of the procedural bar would result in fundamental injustice or violates his constitutional rights. And his attempt to blame trial counsel for the State's failure to provide discovery in a timely manner is, as the judge noted, "groundless and illogical."

Defendant abandons his claim of prosecutorial misconduct, refashioning his request for relief based on "trial counsel's [in]effectiveness in challenging the misconduct," but he does not assert what counsel should have done differently to obtain discovery she did not know existed. Moreover, trial counsel objected to and vigorously argued against admission of all the evidence about which defendant now challenges—the Facebook posts, and the previously undiscovered statements by McLaughlin and Mitchell. Trial counsel's objections resulted in three separate Rule 104 hearings, resulting in written submissions and a forceful cross-examination of the witnesses. There is no indication that trial counsel's performance fell below "an objective standard of reasonableness." State v. Marshall, 148 N.J. 89, 256 (1997) (quoting Strickland, 466 U.S. at 688).

As to claims of appellate counsel's ineffectiveness, an appellate counsel does not have to argue "any grounds insisted upon by defendant notwithstanding that counsel deems them without merit," State v. Gaither, 396 N.J. Super. 508, 515 (2007), as a PCR counsel must do under Rule 3:22-6(d). Further, as Judge Guadagno noted, appellate counsel had no duty to raise unsuccessful legal arguments as counsel advised defendant that the discovery issues were not a worthwhile contention. See Worlock, 117 N.J. at 625. Plus, defendant does not show that he was prejudiced by appellate counsel's decision not to raise the discovery issue on appeal.

Defendant's contention that the judge did not make findings of fact or conclusions of law regarding some of his contentions are without merit; he fails to specify which contentions were not addressed and did not brief them.

Given defendant's failure to assert a prime facie case of ineffective assistance of counsel, he is not entitled to an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

To the extent we have not expressly discussed any of defendant's other arguments, they lack sufficient merit for further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2969-23